UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
COLONY INSURANCE COMPANY,

                       Plaintiff,         Civil Case No.:

v.

                                           **COMPLAINT FOR**
                                           **DECLARATORY JUDGMENT**

AMERICAN EMPIRE SURPLUS LINES
INSURANCE COMPANY AND BRIAN JOHNSTON,

                       Defendants.
-------------------------------------------------------------x

       Plaintiff, COLONY INSURANCE COMPANY ("Colony" or "Plaintiff"), by its attorneys LONDON FISCHER LLP, states the following as and for its Complaint against Defendants, AMERICAN EMPIRE SURPLUS LINES INSURANCE COMPANY ("American") and BRIAN JOHNSTON ("Johnston").

## NATURE OF THE ACTION

       1.      In this action, Colony seeks a declaration that American is obligated to defend and indemnify American's insured, Restoring Communities HDFC ("Restoring") in connection with an Underlying Action.

       2.      Johnston alleges he suffered injuries on July 13, 2022, and subsequently filed an underlying action on July 25, 2023 in Supreme Court, New York County ("Underlying Action").

       3.      Colony has been forced to defend Restoring in the Underlying Action and has incurred defense costs and expenses because of American's refusal to defend and indemnify Restoring.

## PARTIES

4. At all times material hereto, Colony was and is a Virginia insurance company (not an LLC) with its principal place of business in Chicago, Illinois.

5. At all times material hereto, American was and is a foreign insurance company with its principal place of business in Cincinnati, Ohio, is domiciled in Ohio and is licensed and authorized to do business in the State of New York, including the issuance of insurance policies in the State of New York.

6. At all times material hereto, Johnston was, and is, domiciled in the State of New York.

## JURISDICTION AND VENUE

7. Subject matter jurisdiction is based upon 28 U.S.C.A. § 1332 and 28 U.S.C.A. § 2201 because the action involves citizens of different states and the amount in controversy related to the Underlying Action exceeds the sum or value of $75,000, exclusive of interest and costs.

8. In the Underlying Action, Johnston alleges that he was severely and permanently injured and wounded. Johnston claims that his multiple, severe and permanent injuries require extensive and continuous treatment. Johnston also alleges that he will be unable to return to work due to his permanent disabilities.

9. An actual controversy exists between the parties regarding their respective rights and obligations under the relevant policy of insurance.

10. Personal jurisdiction over American is proper as it is an Ohio insurance company, is domiciled in Ohio and conducts business in the State of New York.

11. Personal jurisdiction over Johnston is proper as he is a resident of, and domiciled in the State of New York.

12. Venue is proper under 28 U.S.C.A. § 1391 because a substantial part of the events giving rise to the claim occurred in this district.

## INSURANCE POLICY

13. American issued a Commercial General Liability Policy to its Named Insured, 7376 Construction LLC ("7376") ("American Policy").

14. The American Policy provides coverage for "bodily injury" that takes place during its policy period and is caused by an accident.

15. Restoring qualifies as an Additional Insured under the American Policy on a primary and non-contributory basis.

## CONTRACT

16. In a December 3, 2019 contract, 7376 agreed to procure insurance on behalf of Restoring, and to name Restoring as an Additional Insured on a primary and non-contributory basis on its own insurance policy with American.

## ACCIDENT AND UNDERLYING LAWSUIT

17. On July 25, 2023, a Complaint was filed entitled, *Brian Johnston v. Guma Construction Corp., East 12th Street Tenants HDFC Housing Development Fund Corporation, 527-529 East 12th Street Housing Development Fund Corporation, Restoring Communities Housing Development Fund Corporation, JMS Village LLC, DS 531 E. 12th Owner LLC, 7376 Construction LLC, Bellet Construction Co., Inc., Tri Borough Scaffolding and Hoisting, Inc., Triborough Scaffolding and Hoisting Services Inc., The City of New York, and The New York City Department of Transportation*; Supreme Court, New York County; Index No.: 157395/2023 ("Underlying Action").

18. In the Underlying Action, Johnston alleges that on July 13, 2022, he was a bicyclist at 531 East 12th Street, New York, New York when he swerved out of a bike lane and crashed, causing injuries.

19. Colony assigned counsel to defend Restoring and is paying for Restoring's defense in the Underlying Action.

## TENDERS

20. On September 26, 2023, Colony tendered the Underlying Action to American on behalf of Restoring.

21. Approximately a month and a half later, American untimely responded to Colony with a coverage determination and stated that it had not been provided with any contract between Restoring and 7376.

22. However, American already had the contract.

23. American stated the American Policy did not contain an applicable Additional Insured endorsement.

24. However, the American Policy does, in fact, contain an applicable Additional Insured endorsement.

25. The American Policy contains the following Additional Insured endorsement:

**ADDITIONAL INSURED - OWNERS, LESSEES OR CONTRACTORS - SCHEDULED PERSON OR ORGANIZATION**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**SCHEDULE**

| Name Of Additional Insured Person(s) Or Organization(s) | Location(s) Of Covered Operations |
|---|---|

| Any person or organization where required by written contract to be added as an additional insured, provided the "bodily injury", "properly damage" or "personal and advertising injury" occurs subsequent lo the execution of the contract or agreement. | As designated in written contract with the Named Insured |
|---|---|
| Information required to complete this Schedule, if not shown above, will be shown in the Declarations. | |

**A.**   **Section II - Who Is An Insured** is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:

   **1.**   Your acts or omissions; or

   **2.**   The acts or omissions of those acting on your behalf;

   in the performance of your ongoing operations for the additional insured(s) at the location(s) designated above.

*     *     *

26. Colony again provided American with the contract between Restoring and 7376, which provides that 7376 agreed to defend, indemnify and hold harmless Restoring. 7376 also agreed in the contract to procure insurance on behalf of Restoring and name Restoring as an Additional Insured on a primary and non-contributory basis on its commercial general liability policy with American.

27. Colony also advised American why American's coverage position was incorrect and improper under New York law.

28. Despite this, American has still refused to defend and indemnify Restoring in connection with the Underlying Action under the American Policy.

29. American is estopped from denying coverage to Restoring and has waived all potential coverage defenses under the American Policy in connection with the Underlying Action.

30. Colony has been forced to defend Restoring in the Underlying Action and has incurred defense costs and expenses because of American's improper refusal to defend and indemnify Restoring.

31. An actual controversy exists between Colony and American with respect to American's duty to defend and to indemnify Restoring in connection with the Underlying Action.

32. Colony has no adequate remedy at law.

### **FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF**

33. Plaintiff repeats and re-alleges the allegations contained in paragraph "1" through paragraph "32'' as if fully set forth herein.

34. The subject accident and the Underlying Action fall within coverage afforded by American under the American Policy.

35. Restoring is American's insured under the American Policy and is entitled to defense and indemnity from American in connection with the subject accident and the Underlying Action.

36. American must provide primary and noncontributory coverage for the subject accident and the Underlying Action to Restoring under the American Policy.

37. In addition, as a result of its violation of New York Insurance Law §3420, American is estopped from denying coverage to Restoring and has waived all potential coverage defenses under the American Policy.

38. Colony is entitled to a declaration that American has a duty to defend and indemnify Restoring on a primary and noncontributory basis in connection with the subject accident and the Underlying Action and must reimburse Colony for past defense costs and expenses incurred for Restoring as an Additional Insured under the American Policy.

## **SECOND CAUSE OF ACTION FOR BREACH OF CONTRACT**

39. Plaintiff repeats and re-alleges the allegations contained in paragraph "1" through paragraph "38" as if fully set forth herein.

40. The subject accident and the Underlying Action fall within the coverage afforded by American under the American Policy.

41. All terms and conditions of the American Policy have been complied with and met.

42. American is obligated to defend and to indemnify Restoring on a primary and noncontributory basis in connection with the subject accident and the Underlying Action under the American Policy.

43. American has breached its obligations by refusing to defend and to indemnify Restoring in connection with the subject accident and the Underlying Action under the American Policy.

44. In addition, as a result of its violation of New York Insurance Law §3420, American is estopped from denying coverage to Restoring and has waived all potential coverage defenses under the American Policy.

45. As a result of American's breach of its obligation to defend and to indemnify Restoring in connection with the subject accident and the Underlying Action, Colony has been required to incur defense costs that should have been incurred by American and continues to do so.

46. Colony has suffered and will continue to suffer damages on account of American's refusal to fulfill its obligations to defend and to indemnify Restoring in connection with the subject accident and the Underlying Action.

47. American is liable for any and all damages by virtue of its breach of its obligation to defend and to indemnify Restoring in connection with the subject accident and the Underlying Action, including paying past defense costs and ongoing costs and fees and expenses for defense and/or indemnity.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that the Court enter a judgment as follows:

a. Declaring that American has a duty to defend and to indemnify Restoring on a primary and noncontributory basis in connection with the subject accident and the Underlying Action under the American Policy and to reimburse Colony for past defense costs and expenses;

b. Awarding Colony all damages incurred by virtue of American's breach of its obligation to defend and to indemnify Restoring in connection with the subject accident and the Underlying Action; and

c. Awarding attorneys' fees, costs and interest, and such other and relief as this Court may deem necessary and proper.

Dated: New York, New York
September 17, 2024

LONDON FISCHER LLP

By: /s/ William J. Edwins
James Walsh
William J. Edwins
Attorneys for Plaintiff
Colony Insurance Company
59 Maiden Lane, 39th Floor
New York, New York 10038
(212) 972-1000
Our File No.: 417.0567255